NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

AMY ELIZABETH LLOYD,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

        Defendant-Appellee.

No.    22-35684

D.C. No. 1:20-cv-01638-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted June 12, 2023[**]
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF,[***] District Judge.

Amy Elizabeth Lloyd appeals from the district court's opinion affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Administrative Law Judge's ("ALJ") denial of disability benefits. We review an ALJ's decision to deny benefits for substantial evidence, *see Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014), and we affirm.

Substantial evidence supports the ALJ's determination that Lloyd can perform jobs in significant numbers in the national economy. An ALJ must address a claimant's rebuttal job numbers evidence only if that evidence is "significant and probative." *Wischmann v. Kijakazi*, 68 F.4th 498, 505 (9th Cir. 2023). In *Wischmann*, the court explained that a letter from claimant's counsel and six pages of job-number printouts from SkillTRAN's Job Browser Pro software program did not constitute probative rebuttal evidence because "[t]he raw data set out on these pages . . . is not comprehensible to a lay person, and Wischmann does not provide the interpretation necessary to make the pages meaningful to a court." *Id.* at 507. Here, Lloyd presents similar rebuttal evidence in the form of a letter from her counsel and six pages from Job Browser Pro. Like the claimant in *Wishcmann*, Lloyd does not provide the context or explanations necessary to make her evidence a meaningful counter to the vocational expert's (VE) detailed testimony. Under *Wischmann*, Lloyd's evidence is not probative, and the ALJ had no duty to consider it.

The ALJ also was not required to consider Lloyd's rebuttal evidence because Lloyd's attorney neither replicated the VE's methodology nor identified any

2

expertise in calculating job figures in the national economy. The VE began by pulling job numbers from Job Browser Pro, as Lloyd's attorney did. But the VE's testimony makes clear that three jobs he named—electronics worker, hand finisher, and buckle inspector—are illustrative, and not exhaustive, of the occupations Lloyd could perform given her residual functional capacity. Because Lloyd's attorney only compiled job numbers for the three enumerated jobs and did not "research each particular job that would fit the hypothetical," Lloyd's rebuttal evidence is not significant and probative. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1194 (9th Cir. 2022).

   **AFFIRMED.**